## Case No. 7,086.

### In re IRWINE.

[1 Pa. Law J. 291; 1 Pa. Law J. Rep. 82.]

Circuit Court, E. D. Pennsylvania. Oct. 13, 1842.

---

[3] [See Irwin v. Dane, Cases Nos. 7,081, 7,082. Also Dane v. Chicago Manuf'g Co.. Id. 3,557; Dane v. Illinois Manuf'g Co., Id. 3,558.]

BALDWIN, Circuit Justice (after stating the facts). We are of opinion that the evident meaning of the law is asserted by the counsel against the discharge. To adopt the

contrary construction would be to strike out the words "subsequent to the 1st day of January last," or leave them utterly useless by making this clause read, or "has at any time in contemplation," &c., which would be contrary to the rule, that if the words admit of it, effect shall be given to them when no repugnancy would arise between the different parts of the clause. If these words indicated, that no other cases than preferences given in contemplation of the passage of a bankrupt law were intended to be provided for, there can be no reason assigned for the introduction of a phrase, which can have no effect on a case fully defineu without it; provides for a case of a description entirely different, and in no wise governed by the intention of the bankrupt, but dependent on the time when the act of preference is done. That case is definitely described, a preference given "by assignment or otherwise," after "the 1st day of January, 1841," the very case now before the court. In so reading the law (for it can scarcely be called construing), we give effect to the language used as it is clearly intended; there is neither a repugnancy in its provisions, surplusage in its terms, or obscurity in the language throughout. It is not for us to usurp the province o_ the legislature, by inquiring into, and adjudicating on the expediency or policy of this provision: it was within their constitutional power to act on this subject according to their discretion; and having exercised it, we are bound to carry their enactment into execution.

The argument which has been raised on the punctuation of this clause, tends to make it obscure and without meaning; which would be conclusive against it; but in the construction of laws, punctuation is no criterion of the sense of the legislature, unless it is in conformity with their intention as expressed in the words they use. Punctuation is generally the act of the clerk or printer, which the court will disregard, if taking the instrument by its four corners, and looking at all its provisions, a judicial construction points to an intention different from what the mere punctuation indicates, as is clearly the case here. Vide [Ewing v. Burnet] 11 Pet. [36 U. S.] 54.

In the construction of all laws, the best rule is to gather the intention of the legislature from the words used, rather than to attempt to infuse in their acts a meaning, which will require the omission of words which are used, or the insertion of words omitted, in order to extract the supposed meaning of its provisions. Every legislative body must be supposed competent to express their intention in intelligible language, and to have done so in prescribing a written rule of conduct. "As men whose intentions require no concealment generally employ the words which most directly and aptly express the ideas they intend to convey," legislatures "must be understood to have employed words in their natural sense, and to have intended what they have said." [Gibbons v. Ogden] 9 Wheat. [22 U. S.] 188. And the intention of the lawmaker is the law itself, when it is indicated by the use of plain words.

The present bankrupt law is an anomaly in legislation; the provision for voluntary bankruptcy, is in effect, the adoption of the insolvent laws of the states, but with an enure new and most important feature, the petitioner becomes entitled to a complete discharge from all his debts, whereas an insolvent law only secures his person from arrest. In this particular, congress have exercised power expressly prohibited to the states by the constitution of the United States, and not granted by it to congress, otherwise than by the express power "to establish uniform laws on the subject of bankruptcies throughout the United States." To this power there is no limitation, and consequently it is competent to congress to act on the whole subject of bankruptcy with a plenary discretion. Hence they may give to the discharge what effect they please, and in consequence may not only impair, but extinguish the obligations and the contracts of a bankrupt. Whatever doubts may exist as to the sound policy or justice of doing this on the application of the debtor, the power being the same to provide for one case as another, must be considered to be equally constitutional, whether the proceeding is on behalf of debtor or creditor. Congress have adopted a system which embraces both classes of cases, under the belief that the state of the country required it, and so far as they have authorized the discharge of a debtor on his own petition, the law must be executed by the appropriate court; but inasmuch as this is a principle unknown to the bankrupt law of England, and of these states before the constitution, or the act of 1800 [2 Stat. 19], it ought not to be expanded by construction. so as to interfere with the rights of creditors, further than the law authorizes, or exempt the debtor from any restrictions imposed upon him as requisites to his discharge.

If then, the words of this clause were less explicit than they are, we should endeavor to give them the effect contended for by the creditor in this case, if they would admit of it; a provision for voluntary bankruptcy which gives the same effect to a discharge as an involuntary one, is an experiment in legislation which must have a fair trial, but must not be extended beyond the lines drawn by the law as it now stands. This should be done only by legislating for the future, not by construction of the past; hitherto bankrupt laws have not been favored by congress, and perhaps not in the general opinion of the community; they certainly will not become more so in either, if those points which favor the debtor and bear hard on the creditor, are too benignly viewed by the courts

in their exposition and execution of the present law.

It was certified to the district court that the petitioner in this case is not entitled to a discharge, without the consent of a majority of the creditors in interest who have not been secured.